**Clarence E. COUNTERMAN, Plaintiff-Appellant,**

v.

**UNITED STATES DEPARTMENT OF LABOR, Defendant-Appellee.**

No. 85–1172
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 25, 1985.

Richard Contreras, El Paso, Tex., for plaintiff-appellant.

Linda Jan S. Pack, Paula W. Coleman, Washington, D.C., for defendant-appellee.

Before GEE, RANDALL and DAVIS, Circuit Judges:

W. EUGENE DAVIS, Circuit Judge.

An administrative law judge found that Clarence E. Counterman, a farm labor contractor, violated 7 U.S.C. 2044(b)(6) of the Farm Labor Contractor Registration Act,[1] (FLCRA) by knowingly hiring undocumented aliens to work in his farm labor crews. Counterman's license was revoked and a $16,800 civil penalty assigned. The district court, 607 F.Supp. 286 (D.C.Tex. 1985), affirmed that decision and Counterman appealed contending that the factual findings are not supported by substantial evidence. We affirm.

## I.

As a farm labor contractor, Clarence Counterman hired migrant workers and transported them by bus to various farms where they worked during the day in the fields. Under the FLCRA, Counterman is prohibited from knowingly employing workers who are violating immigration laws of the United States. He has an affirmative duty to inquire into a prospective employee's status as a United States citizen or person lawfully authorized to work in the United States. 29 C.F.R. § 40.51(p). He is required to maintain payroll records showing the name, address and earnings of each worker. 29 C.F.R. § 40.-51(k).

On February 6, 1981, the United States Border Patrol and officers from the Wage and Hour Division of the Department of Labor made a routine check of Counterman's crew at Simpson Farms. When the agents entered the field, two workers fled while a third, Anna Marie Lopez, was apprehended. One of the investigators penned a statement in English from Lopez, who spoke only Spanish. Lopez admitted that she was a Mexican citizen in the United States illegally and that Counterman did not ask her to produce any documentation. The investigators also found logs maintained by the Border Patrol in its regular course of business which showed that during the previous twenty months, approximately three-hundred undocumented aliens were apprehended from Counterman's work crews. According to the logs, forty-two of those apprehended were repeat offenders. The administrative law judge concluded that if Counterman had maintained the proper records, he would have known these forty-two workers, who had previously been apprehended and deported while on his payroll, were undocumented aliens. The ALJ also relied on the statement of Ms. Lopez and the testimony of the investigating officers. The ALJ did not err in concluding that this was sufficient to make out a prima facie case in favor of the government. Although Counterman testified generally that he always made inquiries about the citizenship status of his workers, he did not produce particular evidence of the documentation, if

---

1. The Farm Labor Contractor Registration Act was repealed in 1983 and replaced by the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. 1801, et seq.

   7 U.S.C. 2044(b)(6) provides that a farm labor contractor's certificate of registration may be revoked if he "has recruited, employed or uti-

lized the services of a person with knowledge that such person is violating the provisions of the immigration and nationality laws of the United States." 29 C.F.R. § 40.62 provides for the assessment of civil money penalties of not more than $1,000 each for each violation.

any, that he obtained from these forty-two workers. The ALJ was entitled to conclude that Counterman did not establish that he made a good faith inquiry of the workers' status as required by the regulation. (29 C.F.R. § 40.51(p)).

The ALJ's findings are supported by substantial evidence and the judgment appealed from is

AFFIRMED.